# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUROD M. KOBILOV,<br>　　　　　Petitioner,<br>　　v.<br>DAVID O'NEILL, *et al.*,<br>　　　　　Respondents. | CIVIL ACTION NO.  26-0058 |

## MEMORANDUM OPINION

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**January 8, 2025**

Petitioner Murod M. Kobilov is an immigrant from Uzbekistan who was recently detained by the Department of Homeland Security ("DHS") under the Immigration and Nationality Act ("INA") while his asylum application was pending. He has filed an emergency petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging that detention. Kobilov contends that his detention is based upon an unlawful interpretation of 8 U.S.C. § 1225(b)(2) and denies him due process.[1] The Court agrees that Kobilov cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is not an "applicant for admission" but rather a noncitizen who has long been present in the United States. The petition will be granted.

**I.　BACKGROUND**

Kobilov is a citizen of Uzbekistan who came to the United States through the Southern Border in 2023.[2] He was initially detained by Customs and Border Patrol but was released pursuant to an Order of Release on Recognizance.[3] Following his release, he was placed in removal proceedings and charged as "an alien present in the United States without being

---

[1] Petition [Doc. No. 1].

[2] Petition ¶¶ 2, 17 [Doc. No. 1].

[3] Petition ¶ 3 [Doc. No. 1].

admitted or paroled."[4] After entering the country, Kobilov filed an Application for Asylum.[5] Kobilov is authorized to work and has a social security number.[6] Nothing in the record indicates that he has had involvement with the criminal justice system in the United States, Uzbekistan, or any other jurisdiction.

On December 31, 2025, with his asylum application still pending, Kobilov attended a routine USCIS biometrics appointment that related to a pending application of his.[7] At the appointment, Kobilov was arrested by Immigration and Customs Enforcement ("ICE").[8] He did not receive a bond hearing. Kobilov's detention is the product of a new DHS policy, under which "individuals present in the United States without admission or parole are now treated as applicants for admission subject to mandatory detention under § 1225(b)(2) rather than discretionary detention under § 1226(a)."[9] The Board of Immigration Appeals ("BIA") adopted this interpretation in *Matter of Yajure Hurtado*.[10]

On January 6, 2026, Kobilov filed the instant emergency petition for a writ of habeas corpus under 28 U.S.C. § 2241.[11] The next day, this Court initiated a procedure consistent with its management of other emergency habeas petitions. The Court ordered the government to show cause why Kobilov's petition should not be granted and scheduled a hearing on the matter.[12]

---

[4] *See* Petition, Ex. 1 [Doc. No. 1-1].

[5] Petition ¶ 3 [Doc. No. 1].

[6] Petition ¶ 3 [Doc. No. 1].

[7] Petition ¶ 4 [Doc. No. 1].

[8] Petition ¶ 4 [Doc. No. 1].

[9] *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484, at *1 (E.D. Pa. Dec. 2, 2025) (quoting *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025)).

[10] 29 I. & N. Dec. 216 (B.I.A. 2025); *see* Petition ¶ 32 [Doc. No. 1].

[11] Petition [Doc. No. 1].

[12] 1/7/26 Order [Doc. No. 4].

Thereafter, by stipulation of the parties, the Court cancelled the show cause hearing and resolved to decide the case on the briefs, as the parties requested.[13]

## II.   LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 motion where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[14] The petitioner has the burden of showing that the detention violates the Constitution of the United States or federal law.[15]

## III.   DISCUSSION

Kobilov's petition prompts consideration of whether the mandatory detention provided for in 8 U.S.C. § 1225(b)(2) extends to noncitizens who, despite not being admitted or paroled, have resided in the United States for an extended period.

In recent months, courts have confronted this question repeatedly and exhaustively. They have resoundingly rejected the government's effort to stretch § 1225(b)(2) beyond what the INA's plain language allows.[16] In this District, each of the dozens of decisions interpreting the scope of § 1225(b)(2) in this context have held it does not apply to individuals similarly situated

---

[13] 1/8/26 Stipulation and Order [Doc. No. 5].

[14] 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citations and quotation marks omitted)).

[15] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[16] *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025). There have been a multitude of additional decisions ruling against the government since December 15, 2025. Gov't Resp. at 1-2 n.1 [Doc. No. 3].

to Kobilov.[17] While "[t]his Court considers each case on an *ad hoc* basis, and its rulings turn on the facts of each case at issue,"[18] the Court finds no basis in the briefing or in Kobilov's circumstances that causes it to diverge from those prior decisions.[19]

First, Kobilov's petition is reviewable.[20] The jurisdiction-stripping statutory provisions[21] cited by the government do not apply because Kobilov "challenges his detention rather than the initiation of removal proceedings, because [Kobilov] cannot obtain relief for his detention following a final order regarding removal, and because [Kobilov's] detention is not the byproduct of a discretionary determination."[22] Nor does Kobilov's failure to exhaust administrative remedies preclude the Court's review. This case involves exceptions to the exhaustion requirement because the issue is purely one of statutory interpretation and because the BIA's decision in *Hurtado* would render the pursuit of further administrative remedies futile.[23]

Second, the tools of statutory interpretation require a narrow reading of § 1225(b)(2). The unambiguous plain meaning of an "applicant for admission" who is "seeking admission" is a noncitizen at a port of entry seeking to cross into the United States, not someone who has already

---

[17] *See, e.g.*, *Kanaut v. Rose*, No. 25-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026); *Francois v. Noem*, No. 25-7334, 2026 WL 27565 (E.D. Pa. Jan. 5, 2026); *Lara Cordon v. Jamison*, No. 25-6937, 2025 WL 3756948 (E.D. Pa. Dec. 29, 2025)*; Kumar v. McShane,* No. 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025). *See also supra* note 16.

[18] *Diallo v. Bondi*, No. 25-7421, 2026 WL 36534, at *2 (E.D. Pa. Jan. 6, 2026).

[19] This Court has, itself, granted habeas relief as to all five of the ICE detention habeas petitions that it recently adjudicated. *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Djalilov v. O'Neill*, No. 25-6986, 2025 WL 3689147 (E.D. Pa. Dec. 19, 2025); *Diallo v. Bondi*, No. 25-7421, 2026 WL 36534 (E.D. Pa. Jan. 6, 2026).

[20] *Cf. supra* note 16.

[21] 8 U.S.C. § 1252(g), 1252(b)(9), 1252(a)(2)(B)(ii).

[22] *See Yilmaz*, 2025 WL 3459484, at *2.

[23] *See id.*

resided in the United States.[24] Instead, the detention of noncitizens like Kobilov who have long been present in the United States "is governed by § 1226(a), which entitles them to a bond hearing before continued detention is permitted."[25] Section 1226(a)'s predominance is further evident from the titles of § 1225 and § 1226, as well as from agency practice, the rule against superfluity, recent amendments to § 1226, and the canon of constitutional avoidance.[26]

Kobilov may be detained under the INA only if, under § 1226(a) and the applicable regulations, he receives a bond hearing and the facts bear out that he presents a risk of flight or of endangering the community.[27] Here, there is no record evidence from which the Court could infer that Kobilov is likely to flee or threaten the safety of others. Accordingly, a bond hearing is unnecessary, and the Court will order Kobilov's immediate release.[28]

## IV.  CONCLUSION

As in this Court's previous cases, the DHS lacked legal authority to mandatorily detain Petitioner Murod M. Kobilov without a bond hearing under 8 U.S.C. § 1225(b)(2). The Court will grant his Petition. An order will follow.

---

[24] *See id.* at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

[25] *Yilmaz* at *3; *see also Centeno Ibarra* at *4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond").

[26] *See Yilmaz* at *3; *Centeno Ibarra* at *5-7.

[27] *See Yilmaz* at *3; *Centeno Ibarra* at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

[28] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 533 U.S. 723, 779 (2008)).