# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUROD M. KOBILOV,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>DAVID O'NEILL, *et al.*,<br><br>　　　　　　Respondents. | CIVIL ACTION NO.  26-0058 |

## ORDER

**AND NOW,** this 8th day of January 2026, upon consideration of Murod M. Kobilov's Petition for Writ of Habeas Corpus [Doc. No. 1], and for the reasons stated in the accompanying Memorandum Opinion, it is **ORDERED** that the Petition is **GRANTED** as follows:

1. Kobilov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2. The Government shall **RELEASE** Kobilov from custody immediately and certify compliance with the Memorandum Opinion and Order by filing an entry on the docket no later than 5:00 p.m. ET on January 9, 2026;

3. The government is temporarily enjoined from re-detaining Kobilov for seven days following his release from custody;

4. If the government chooses to pursue renewed detention of Kobilov after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of

2

Kobilov from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Kobilov is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the Court to move Kobilov if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Kobilov.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**